IN RE APPLICATION OF GEORGE J. BIEDERMAN FOR A WHOLE-
SALE LICENSE TO SELL INTOXICATING LIQUORS.

*Intoxicating Liquors—Manufacturer's License—Right to Sell Pro-
duct—Other License not Necessary.*

If a party has a license to manufacture beer it means that he has a license to sell
it.   He has whatever privilege that license grants.   The latter part of Section 1, page
70 of the Revised Code seems to remove all doubt as to the right of the manufac-
turer to sell his product.

(*June 8, 1901.*)

LORE, C. J., and SPRUANCE, J., sitting.

*Walter H. Hayes* for the applicant.

*William S. Prickett* for the Law and Order Society.

Court of General Sesssions, New Castle County, May Term,
1901.

It was admitted by counsel that George J. Biederman, the ap-
plicant for a wholesale license, already had a manufacturer's license
for the manufacture of beer.   (*Rev. Code, 71, Sec. 1.*)

SPRUANCE, J.:—If this man already has a manufacturer's
license it gives him all the privileges enjoyed ordinarily by brew-
ers.   He has a right to sell the product of his manufacture.

LORE, C. J.:—If he has taken out a manufacturer's license,
he is not bound to take out a vendor's license.

*Mr. Hayes:*—If your Honors will turn to page 410 of the
Revised Code, you will find that Section 1 of the act, entitled,
"An act regulating the sale of intoxicating liquors, provides :
"That no person, by himself, his agent, or servant, directly or

indirectly, shall sell any intoxicating liquors except as herein provided." Then it provides for a license. We only want to comply with the law. It has been decided in this State that beer is not a spiritous liquor, but a malt liquor.

SPRUANCE, J.:—If the party has a licence to manufacture beer it means that he has a license to sell it. He has whatever privilege that license grants. The latter part of Section 1, on page 70 of the Revised Code, seems to remove all doubt as to the right of the manufacturer to sell his product.

Application refused.